# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>GENTNER DRUMMOND, in his official capacity as ATTORNEY GENERAL OF OKLAHOMA,<br><br>*Defendant*. | Case No. 5:25-cv-00727-PRW |

## ANSWER TO VERIFIED COMPLAINT

By and through counsel, Defendant Gentner Drummond, the Attorney General of Oklahoma, submits the following Answer to Plaintiff's Verified Complaint filed on June 30, 2025. The Attorney General denies each factual allegation in the Complaint unless the averment is specifically admitted herein. The Attorney General further answers the Complaint as follows:

### PRELIMINARY STATEMENT

1. The allegations in ¶¶ 1–2 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

2. The Attorney General is without sufficient knowledge to admit or deny the allegations in ¶ 3, so they are therefore denied.

3. The allegations in ¶ 4 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

4. The Attorney General is without sufficient knowledge to admit or deny the allegations in ¶¶ 5–7, so they are therefore denied.

5. The allegations in ¶ 8 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. The Attorney General is without sufficient knowledge to admit or deny the remaining allegations in ¶ 8, so they are therefore denied.

6. The Attorney General is without sufficient knowledge to admit or deny the allegations in ¶ 9, so they are therefore denied.

7. The allegations in ¶ 10 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

8. The Attorney General is without sufficient knowledge to admit or deny the allegations in ¶ 11, so they are therefore denied.

9. The allegations in ¶ 12 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

10. Various allegations in ¶ 13 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. The Attorney General is without sufficient knowledge to admit or deny the remaining allegations in ¶ 13, so they are therefore denied.

11. The allegations in ¶¶ 14–17 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

12. The Attorney General admits that Governor Kevin Stitt vetoed House Bill 2048 ("H.B. 2048"), and that the Oklahoma Legislature subsequently enacted the bill by

overriding his veto. The remaining allegations in ¶ 18 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

13. The Attorney General admits that H.B. 2048 is set to take effect on November 1, 2025. The remaining allegations in ¶ 19 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

## PARTIES

14. Upon information and belief, Plaintiff is a corporation organized in Delaware. The Attorney General is without sufficient information to admit or deny the remaining allegations in ¶ 20, and therefore denies them.

15. The Attorney General admits ¶ 21.

## JURISDICTION AND VENUE

16. The allegations in ¶¶ 22–24 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

## FACTUAL BACKGROUND

17. The allegations in ¶¶ 25–27 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

18. Various allegations in ¶ 28 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. The Attorney General is without sufficient knowledge to admit or deny the remaining allegations in ¶ 28, so they are therefore denied.

19. The allegations in ¶¶ 29–32 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

20. Various allegations in ¶ 33 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. The Attorney General is without sufficient knowledge to admit or deny the remaining allegations in ¶ 33, so they are therefore denied.

21. Various allegations in ¶ 34 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. The Attorney General is without sufficient knowledge to admit or deny the remaining allegations in ¶ 34, so they are therefore denied.

22. The Attorney General is without sufficient knowledge to admit or deny the allegations in ¶¶ 35–38, so they are therefore denied.

23. The allegations in ¶¶ 39–41 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

24. The Attorney General is without sufficient knowledge to admit or deny the allegations in ¶¶ 42–45, so they are therefore denied.

25. Various allegations in ¶ 46 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. The Attorney General is without sufficient knowledge to admit or deny the remaining allegations in ¶ 46, so they are therefore denied.

26. The Attorney General is without sufficient knowledge to admit or deny the allegations in ¶¶ 47–48, so they are therefore denied.

27. Various allegations in ¶ 49 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. The Attorney

General is without sufficient knowledge to admit or deny the remaining allegations in ¶ 49, so they are therefore denied.

28.     The Attorney General is without sufficient knowledge to admit or deny the allegations in ¶¶ 50–57, so they are therefore denied.

29.     The allegations in ¶¶ 58–59 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

30.     The Attorney General is without sufficient knowledge to admit or deny the allegations in ¶ 60, so they are therefore denied.

31.     The allegations in ¶¶ 61–64 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

32.     The Attorney General is without sufficient knowledge to admit or deny the allegations in ¶ 65, so they are therefore denied.

33.     The Attorney General is without sufficient knowledge to admit or deny the allegations in ¶ 66, so they are therefore denied. The allegation in the last sentence of ¶ 66 contains legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

34.     The Attorney General is without sufficient knowledge to admit or deny the allegations in ¶¶ 67–68, so they are therefore denied.

35.     The Attorney General admits that the Oklahoma Legislature recently passed H.B. 2048. The law speaks for itself. The remaining allegations ¶ 69 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

36. The Attorney General admits that Governor Stitt vetoed H.B. 2048 and that ¶ 70 links to the Governor's veto message. The Attorney General denies everything else.

37. The Attorney General admits ¶ 71.

38. The allegations in ¶¶ 72–73 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. Moreover, the underlying statutes speak for themselves.

39. The Attorney General is without sufficient knowledge to admit or deny the allegations in ¶¶ 74–75, so they are therefore denied.

40. The allegations in ¶¶ 76–108 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

41. The Attorney General is without sufficient knowledge to admit or deny the allegations in ¶ 109, so they are therefore denied. The allegation in the first sentence of ¶ 109 contains legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

42. The allegations in ¶¶ 110–112 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

43. The Attorney General is without sufficient knowledge to admit or deny the allegations in ¶¶ 113–114, so they are therefore denied.

44. Various allegations in ¶ 115 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. The Attorney General is without sufficient knowledge to admit or deny the remaining allegations in ¶ 109, so they are therefore denied. Moreover, the statute speaks for itself.

45. The allegations in ¶¶ 116–124 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

46. Various allegations in ¶ 125 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. The Attorney General is without sufficient knowledge to admit or deny the remaining allegations in ¶ 125, so they are therefore denied.

47. The allegations in ¶¶ 126–140 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

## COUNT I

48. The Attorney General incorporates by reference each of the foregoing responses in response to ¶ 141, which re-alleges the preceding paragraphs in the Complaint.

49. The allegations in ¶¶ 142–147 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

## COUNT II

50. The Attorney General incorporates by reference each of the foregoing responses in response to ¶ 148, which re–alleges the preceding paragraphs in the Complaint.

51. The allegations in ¶¶ 149–153 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

## COUNT III

52. The Attorney General incorporates by reference each of the foregoing responses in response to ¶ 154, which re-alleges the preceding paragraphs in the Complaint.

53. The allegations in ¶¶ 155–160 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

54. The allegations, legal conclusions, and statements in the section titled "Prayer for Relief" require no response because they re-allege allegations already answered or state legal conclusions. To the extent a response is necessary, the Attorney General denies that Plaintiffs are entitled to the relief sought.

## AFFIRMATIVE DEFENSES

1. The Court lacks subject matter jurisdiction over Plaintiff's claims.

2. Plaintiff's claims are not ripe.

3. Plaintiff lacks standing.

4. Plaintiff has failed to state a claim upon which relief can be granted.

5. Plaintiff has failed to state a cause of action for which relief can be granted.

6. Plaintiff's claims are barred by the doctrine of unclean hands.

7. The State of Oklahoma and the Attorney General are protected by sovereign immunity.

8. The Attorney General preserves all other affirmative defenses outlined in Fed.R.Civ.P. 8.

          Respectfully submitted,

          *s/ Will Flanagan*
          GARRY M. GASKINS, II, OBA 20212
           *Solicitor General*
          ZACH WEST, OBA 30768
           *Director of Special Litigation*
          WILL FLANAGAN, OBA 35110
           *Assistant Solicitor General*
          OFFICE OF ATTORNEY GENERAL
           STATE OF OKLAHOMA
          313 N.E. 21st Street
          Oklahoma City, OK 73105
          Phone:  (405) 521-3921
          Garry.Gaskins@oag.ok.gov
          Zach.West@oag.ok.gov
          William.Flanagan@oag.ok.gov
          *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of July, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants with entries of appearance filed of record.

          s/*Will Flanagan*
          WILL FLANAGAN